IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |  |
|---|---|---|
| LMK ENTERPRISES, INC. and LMK PIPE RENEWAL, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 8:08CV811-EAK-MSS |
| v. | ) ) | |
| PERMA-LINER INDUSTRIES, INC, | ) ) | |
| Defendant. | ) ) | |

**OPPOSITION TO PLAINTIFFS' MOTION TO SHOW CAUSE AND FOR CONTEMPT ORDER AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Perma-Liner Industries, Inc. ("Perma-Liner"), by and through its undersigned counsel, hereby files its Opposition to Plaintiffs' Motion to Show Cause and For Contempt Order and Incorporated Memorandum of Law, and in support hereof states as follows:

**MEMORANDUM OF LAW**

**I.   SUMMARY.**

This Court enjoined Perma-Liner from "practicing without a license" to the '079 patent the method of using the Perma-Liner Innerseal system. As LMK admitted in its Motion, Perma-Liner entered into a Patent License Agreement (the "'079 License") for

the '079 patent.  The analysis of whether Perma-Liner's actions are in contempt of this Court should stop here – the Court ordered Perma-Liner to stop practicing without a license and Perma-Liner entered into the '079 License.

Any assertion by LMK that Perma-Liner is currently practicing without a license is a question of fact that would require this Court to interpret the terms of the '079 License.  Perma-Liner is either practicing in accordance with the '079 License or LMK has wrongfully, and in bad faith, unilaterally terminated the '079 License in breach of the plain terms of the '079 License.  As this Court did not reserve jurisdiction to enforce or interpret the terms of the '079 License, this Court lacks subject matter jurisdiction to resolve this dispute between the parties.

Even if this court were to determine that it retained jurisdiction to enforce or interpret the terms of the '079 License, any such interpretation or enforcement would necessarily involve the resolution of a question of fact – whether Perma-Liner is in breach of the term of the '079 License and whether Perma-Liner's InnerSeal system, which has been modified since the entry of the Consent Judgment, infringed the '079 patent.  This Court may not resolve questions of fact in a contempt proceeding.  This action is nothing more than Plaintiffs' improper attempt to use this Court's summary contempt proceedings to obtain relief for an alleged breach of contract claim—the '079 License—against Perma-Liner.

Finally, should this Court somehow determine that subject matter jurisdiction exists, and that the '079 License was breached by Perma-Liner, these proceedings

should still be dismissed because Plaintiff has failed to carry its burden, of proving by *clear and convincing evidence*, that Perma-Liner's current products and those subject to the Consent Judgment are exactly the same. Plaintiff's motion only relies on self-serving, conclusory declarations that fail to support any conclusion that Perma-Liner violated the injunction.

## II.   BACKGROUND.

Plaintiffs, LMK Enterprises, Inc. and LMK Pipe Renewal, LLC (collectively "Plaintiffs" or "LMK") sued Perma-Liner in late April 2008, alleging that Perma-Liner's use of its InnerSeal system infringed claims 7-9 of U.S. Pat. No. 6,039,079 (the "'079 Patent"). The parties resolved their dispute on or around July 3, 2008 and contemporaneously entered into both a Settlement Agreement and a Patent License Agreement that was drafted and negotiated by counsel for the parties. Shortly thereafter, this Court granted LMK's Motion to Approve Consent Judgment, and entered the Consent Judgment and Injunction that Perma-Liner is accused of ignoring. [Dkts. #7, #9 and #10].

The Consent Judgment provides in relevant part

> 4.   Use of the Perma-Liner InnerSeal system *as shown and described in Exhibit A attached hereto*, infringes at least claims 7,8 and 9 of the '079 patent;
>
> 5.   Defendant Perma-Liner . . . [is] enjoined . . . from practicing without a license . . . the method of using the Perma-Liner InnerSeal system, as *shown and described in*

> *. . . Exhibit A* or any <u>*colorable variation thereof that also infringes the '079 patent*</u>.
>
> \*\*\*
>
> 7.   This Court retains exclusive jurisdiction of this matter to enforce this <u>*Consent Judgment and Injunction*</u>.

The parties negotiated the Consent Judgment, the Settlement Agreement and the '079 License. This Court signed the Consent Judgment as drafted by LMK's counsel. Notably, the parties did not attach, reference or incorporate the terms of the Settlement Agreement or the '079 License in the Consent Judgment. Moreover, the terms of the '079 License and the Settlement Agreement—as drafted by LMK's counsel—select Illinois for venue and governing law. In early 2009 another dispute arose between the parties regarding the terms of the '079 License. It is as a result of this dispute that LMK has filed the Motion before this Court.

### III.   LEGAL ANALYSIS.

#### a. THIS COURT LACKS JURISDICTION OVER THIS DISPUTE.

A federal court has limited jurisdiction and cannot enforce a settlement agreement unless (1) the terms of the settlement agreement are incorporated into an order of dismissal; or (2) the court explicitly retains jurisdiction to enforce the agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Schaefer Fan Co., Inc. v. J&D Mfg.*, 265 F.3d 1282 (Fed. Cir. 2001).

In *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-382 (1994), the Supreme Court *reversed* the Ninth Circuit's affirmance of the district court's

enforcement of a settlement agreement. There, the litigants entered into a settlement agreement and requested the district court enter a Stipulation and Order pursuant to Fed.R.Civ.P. 41(a)(1)(ii). *Id.* at 377. The Stipulation and Order made no reference to a settlement agreement and the district court did not reserve jurisdiction to enforce any settlement agreement. *Id.* After the entry of the Stipulation and Order, a dispute arose between the parties, and Guardian moved to district court to enforce the agreement. *Id.* In reversing, the Supreme Court reasoned that "enforcement of the settlement agreement is for state courts" unless (1) the "parties' obligation to comply with the terms of the settlement agreement" are made a part of the court's order of dismissal; or (2) the court explicitly retains jurisdiction over the settlement agreement; or (3) there is some independent basis for federal jurisdiction. *Id.* at 381-382.

An analogous situation presents here. Perma-Liner and LMK entered into a Settlement Agreement and Patent License Agreement in early July 2008. This Court entered a Consent Judgment and reserved jurisdiction only to enforce the injunction therein. Neither the Settlement Agreement nor the '079 License was incorporated, attached or reference in the Consent Judgment. Therefore, this Court lacks subject matter jurisdiction to resolve any dispute relating to the '079 License and any attempt to interpret or enforce the '079 License is contrary to the holding of *Kokkonen*.

Perma-Liner complied with the Consent Order by entering into a Patent License Agreement with Plaintiff for use of the Perma-Liner Innerseal system as it existed at the time the Consent Judgment was entered. To the extent LMK relies on a purported

termination of the Patent License Agreement as support for a finding of contempt, such termination is a question of fact governed by Illinois state law to be determined "by the exclusive jurisdiction of a court or tribunal of competent jurisdiction located in the State of Illinois."

### b. CONTEMPT PROCEEDINGS ARE NOT APPROPRIATE HERE BECAUSE THERE ARE ISSUES OF FACT THAT REQUIRE EXPERT OR OTHER TESTIMONY.

Proceedings for contempt in patent infringement cases are available only where 'there are *no substantial issues* to be litigated." *Michael Foods, Inc. v. Bartow foods, Inc.*, 837 F. Supp. 403, 407 (M.D. Fla. 1993)(emphasis added). "Where there are issues that would require expert or other testimony, *contempt proceedings are not appropriate*." *Id*. (emphasis added).

Here, there are questions of fact as to whether (1) Perma-Liner has modified its InnerSeal system; (2) the modified InnerSeal system infringes the '079 patent; and (3) the '079 License is still in effect. LMK relies on conclusory, self-serving declarations to support its bare conclusion that Perma-Liner has not modified the InnerSeal system in any way. On the contrary, Perma-Liner has, in fact, made modifications to the InnerSeal system that it believes renders it non-infringing.

Ultimately, because expert testimony will be necessary to determine whether the InnerSeal system in its current form is infringing, contempt proceedings are inappropriate.

    **c. PLAINTIFF HAS FAILED TO CARRY ITS BURDEN OF PROVING BY CLEAR AND CONVINCING EVIDENCE THAT PERMA-LINER'S CURRENT PRODUCTS AND THOSE SUBJECT TO THE CONSENT JUDGMENT ARE EXACTLY THE SAME.**

Proving contempt is a "difficult row to hoe." *Viromed Labs., Inc. v. U.S.*, 87 Fed. Cl. 493, 499 (Ct. Fed. Cl. 2009). To secure an order for contempt in a patent infringement case, the movant must "show that there are no substantial disputed issues, and prove by clear and convincing evidence that the new process does infringe." *Michael Foods, Inc. v. Bartow foods, Inc.*, 837 F. Supp. 403, 407 (M.D. Fla. 1993).

Motions for contempt place the burden on the moving party to prove a violation of a court's order by "clear and convincing evidence". *KSM Fastening Sys. v. H.A. Jones Co. Inc.*, 776 F.2d 1522, 1524 (Fed. Cir. 1985). Further, it is not enough to show just a violation of the court's order; the movant must also show that the accused product infringes the claims of the patent in suit. *Michael Foods, Inc. v. Bartow foods, Inc.*, 837 F. Supp. 403, 407 (M.D. Fla. 1993)( "It is insufficient simply to show that the defendant has violated the injunction. Infringement must also be found." citing *KSM* at 1532).

In support of its motion, LMK relies on the self-serving conclusions made by interested parties. Mr. Keist is the named inventor of the patent, founder and CEO of LMK, and a majority shareholder in the company. It is no surprise that Mr. Keist alleges infringement.

The declaration of Timothy Back ("Back"), an investigator who, presumably was hired—and paid—is no help to LMK. In his declaration, Back simply states that he

attended certain demonstrations of Perma-Liner's product. Back does not conclude or opine that Perma-Liner's process infringes. Therefore, Back's declaration does not help LMK.

Finally, the remainder of the exhibits—blurry photocopies of undated photographs, and a "claim chart" that fails to account for how Perma-Liner's InnerSeal system meets each and every claim limitation—is likewise insufficient to provide clear and convincing proof of infringement or a violation of the injunction.

Therefore, the declarations and other exhibits submitted by LMK in support of its motion are wholly insufficient to rise to the level of clear and convincing proof of either a violation of this Court's injunction or infringement.

## IV. CONCLUSION

For the reasons stated above, LMK has not and cannot meet its burden of proof in this matter; therefore, this proceeding should be dismissed. Alternatively, if this Court determines that this matter should proceed, Perma-Liner requests an evidentiary hearing pursuant to Fed.R.Civ.P. 63.

DATED: November 19, 2009


Respectfully submitted,

By: *s/  Suzette Marteny*
Suzette Marteny
FBN: 668591
BAYSHORE LAW GROUP PLLC

>400 N. Ashley Drive
>Suite 2010
>Tampa, FL 33602
>Phone: 813.225.1100
>Fax: 813.225.1108
>E-mail: suzi@bayshorelawgroup.com
>*Trial counsel for Defendant, Perma-Liner Industries, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 19, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by U.S. Mail, facsimile and email to the following non-CM/ECF participants:

>Jeffrey D. Harty
>Bradley J. Powers
>Kurt Van Thomme
>McKEE, VORHEES & SEASE, PLC
>801 Grand Ave, Suite 3200
>Des Moines, IA 50309-2721
>T515-288-3667
>F515-288-1338
>harty@ipmvs.com
>brad.powers@ipmvs.com
>kurt.vanthomme@ipmvs


By: *s/* _Suzette Marteny_____
    Suzette Marteny