```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

LMK ENTERPRISES, INC. and
LMK PIPE RENEWAL, LLC,

       Plaintiff,

vs.               CASE NO. 8:08-CV-811-T-17TGW

PERMA-LINER INDUSTRIES, INC.,

       Defendant.

_____/

## ORDER

This cause is before the Court on:

Dkt. 14 Motion for Issuance of Order to Show Cause and for Contempt Order
Dkt. 26 Response
Dkt. 45 Report and Recommendation
Dkt. 46 Transcript
Dkt. 48 Notice of Exhibits
Dkt. 49 Defendant's Brief
Dkt. 50 Plaintiff's Brief
Dkt. 51 Objection
Dkt. S-1 Exhibit
Dkt. 55 Notice - Corrected Objection

    The parties entered into a Settlement Agreement and License Agreement to resolve this patent infringement case. (Dkt. 20-1). In the Settlement Agreement, Defendant admitted that use of the InnerSeal system infringes claims 7, 8 and 9 of the '079 patent. The '079 patent is a method and apparatus patent for an improved method and apparatus for repairing the juncture of a main sewer line with a lateral pipe. The '079 patent contains thirteen claims.

Case No. 8:08-CV-811-T-17TGW

The Court entered a Consent judgment and Injunction in this case on July 23, 2008, and retained jurisdiction for enforcement (Dkt. 10). Plaintiffs alleged that the license terminated on January 20, 2009 (Dkt. 14), and now contend that the license terminated on January 11, 2009 (Dkt. 55). Defendant has not challenged the date of termination of the license, and the Court finds that the license terminated on January 11, 2009.

After termination of the License Agreement on January 11, 2009, Plaintiffs moved for an order to show cause and for a contempt order. At that time, Plaintiffs argued that Defendant's InnerSeal system was not modified from the infringing system. The Court entered an Order to Show Cause why Defendant Perma-Liner Industries, Inc. should not be found in contempt of the Consent Judgment and Injunction (Dkt. 16). Defendant Perma-Liner Industries, Inc. responded that the InnerSeal system was modified. This matter was referred to the assigned Magistrate Judge for an evidentiary hearing as to the presence and manner of modifications, if any, to Defendant's InnerSeal system. After the referral, and after the parties conducted discovery, Plaintiffs recognized that modifications have been made. The assigned Magistrate Judge has entered a Report and Recommendation addressing the manner of the modifications. In response to the Report and Recommendation, Plaintiffs and Defendant have filed briefs as to the legal significance of the modifications to Defendant's InnerSeal system.

Plaintiffs now argue that: 1) Defendant Perma-Liner Industries, Inc. continued supporting and supplying its installers with materials necessary to practice the unaltered InnerSeal system after the termination of the license, in

Case No. 8:08-CV-811-T-17TGW

contempt of the Injunction; and 2) as to the modified InnerSeal system, Defendant's changes do not affect any element of the claims at issue, and therefore the altered system presents no substantial open issues of infringement. Plaintiffs argue that Defendant's sales of the modified InnerSeal system are in contempt of the Injunction.

Defendant Perma-Liner Industries, Inc. argues that Plaintiffs' burden is to prove by clear and convincing evidence that Defendant's modified InnerSeal system infringes claims 7-9 of the patent-in-suit. Defendant argues that there are substantial factual disputes relating to how the modified InnerSeal system functions, which directly bear on whether the modified InnerSeal system infringes the patent-in-suit. Defendant argues that Defendant's changes go beyond adding an element, but go directly to the heart of Claim 7, and render the entire system non-infringing.

I.  Scope of Claim 7 of the '079 Patent

Claim 7 of the '079 Patent recites:

> 7. A method for repairing a damaged junction between a main line sewer pipe and a lateral sewer pipe, said method comprising:
>
>> forming a main bladder tube and a lateral bladder tube, said main bladder tube having the first and second opposite ends and a main bladder tube opening there between, said lateral bladder tube having a first end connected to said main bladder tube opening;

Case No. 8:08-CV-811-T-17TGW

>    forming a main liner member and a lateral liner tube of
>       resin absorbent material, said main liner
>       member having a main liner opening therein,
>       said lateral liner tube having a first
>       lateral liner tube end connected to said
>       main liner opening;
>
>    inserting said lateral liner tube at least
>       partially inside said lateral bladder
>       tube while at the same time keeping said
>       main liner member at least partially
>       outside said main bladder tube;
>
>    inserting said lateral liner tube and said
>       lateral bladder tube into the inside of a
>       launcher tube through a launcher tube
>       opening in said launcher tube while at the
>       same time keeping said main bladder tube
>       and said main liner member at least
>       partially outside of said launcher tube.

II.  Modifications

In the Report and Recommendation entered after the evidentiary hearing, the assigned Magistrate Judge recommends that the Court find that the following modifications were made to the infringing device: 1) the infringing device was constructed in one piece, whereas the modified device consists of two pieces; 2) the infringing device had two inflatable parts: a main bladder that was inflated to press against the walls of the main sewer line and a lateral bladder that was inflated by the same air pressure to progress down the lateral sewer line that was to be repaired, and which carried the resin-impregnated liner material that performed the repair.  The modified device has a lateral bladder assembly that is secured to the launcher, and a separate outer bladder that is placed over it.  When the device is

Case No. 8:08-CV-811-T-17TGW

inserted into the main sewer line, the outer bladder is inflated so that it is secured against the main sewer line walls. Then the lateral bladder is inflated by a different air supply and delivers the resin-impregnated material. In addition, the infringing device was made of "heavy-duty" material, and the modified device is not.

The Court notes that both parties have filed briefs after entry of the Report and Recommendation. Neither Plaintiffs nor Defendant object to the factual findings of the Magistrate Judge. The parties disagree as to the legal significance of the modifications, an issue which was not before the assigned Magistrate Judge. After independently examining the pleadings, and after consideration of all timely filed objections, the Court adopts the Report and Recommendation and incorporates it by reference.

III. Colorable Variation

The Court must first determine whether Defendant's modified InnerSeal System is a colorable variation of the infringing system. A difference more than colorable is one that gives rise to some fair ground for doubt that the modified product is within the scope of the injunction. American Foundry & Mfg. Co. v. Josam Mfg. Co., 79 F.2d 116, 118-19 (8th Cir. 1935).

Claim 7 is an independent claim, and Claims 8 and 9 are dependent claims. The Court notes that Claim 7 recites "a method comprised of" the steps stated therein. The use of the term "comprised" indicates that the named elements are essential, but other elements may be added and still form a construct within

5

the scope of the claim. In re Baxter, 656 F.2d 679, 686 CCPA 1981). The infringing InnerSeal system includes a main bladder tube and a lateral bladder tube. The modified InnerSeal system includes a main bladder tube and a lateral bladder tube, as well as a separate outer bladder.

Defendant Perma-Liner Industries, Inc. has argued that modified Innerseal system is non-infringing. Defendant argues that: 1) Defendant does not perform any steps of forming main or lateral bladder tubes in its process; 2) the main bladder tube and lateral bladder tube are not connected at all or in any way.

Defendant argues that there can be no infringement unless the modified system's main and lateral bladder are connected in some fashion, and Magistrate Judge Wilson correctly found that the modified Innerseal system consists of a "separate outer bladder" that is "separate" from, i.e. NOT CONNECTED to, the lateral bladder; therefore the modified system cannot and does not infringe the '079 patent.

Plaintiffs respond that Defendant Perma-Liner must form the bladder tubes at some point, Defendant did not assert that it has changed the process of forming the bladder tubes in the modified InnerSeal system, and is estopped from raising that issue in the present proceeding.

Plaintiffs point out that the Court did not find that the "lateral bladder assembly" no longer contains a main bladder tube, nor did the Court find that the main bladder tube is not connected to a lateral bladder tube. Plaintiffs argue that a visual inspection shows that the "lateral bladder assembly" of

6

Case No. 8:08-CV-811-T-17TGW

the modified InnerSeal system includes both a main bladder tube and a lateral bladder tube (Dkt. 50, Figure 4). Plaintiffs argue that the "separate outer bladder" (Dkt. 50, Figure 5) does not present a substantial open question of infringement, as nothing in claim 7 precludes the addition of another bladder. Plaintiffs argue that, in claim 7, none of the bladders are inflated, and claim 7 does not specify anything about the thickness of the main bladder tube.

Plaintiffs argue that Defendant's modifications of the infringing InnerSeal system are not changes which affect an element of claim 7; therefore, the Court may treat the modified system the same as the infringing system. The modified InnerSeal system includes a main bladder tube having a first and second opposite end, a main bladder tube there between and a lateral bladder tube connected to the main bladder tube opening (Dkt. 50, Figure 3). A separate outer bladder with its own air supply is placed over the bladder assembly.

Plaintiffs further argue that bladder tube inflation is not relevant to any element of claim 7. Claim 7 describes the lining apparatus in an uninflated state; none of the bladders are inflated in claim 7. Plaintiffs argue that claim 7 contains no functional limitations regarding the bladders; the limitations are recited in unrelated claim 12, a claim which is not at issue in this case. Plaintiffs argue that the rule of claim differentiation applies to prohibit the Court from importing a limitation included in a separate claim into the claim where it is not included, in this case claim 7. When a claim does not specify functional limitations, "differences in the way the patented invention and accused device function...are not legally

7

Case No. 8:08-CV-811-T-17TGW

relevant to whether [the accused] device falls within the literal language of the asserted claim." <u>Transmatic, Inc. v. Gulton Indus.</u>, 53 F.3d 1270, 1278 (Fed. Cir. 1995).

Plaintiffs argue that, even if the issue of bladder inflation were relevant to infringement, Defendant has presented no evidence regarding the inflation of the main line portion of the lateral bladder assembly.  Plaintiffs argue that the deposition testimony of the corporate designee that the main portion of the lateral bladder assembly does inflate directly contradicts the argument of Defendant's counsel on this issue.

Plaintiffs further argue that the changes in bladder material do not raise a substantial open question of infringement.  Claim 7 does not recite a limitation regarding the material and thickness of the bladder.  Plaintiffs argue that, because the use of "heavy duty" and "light duty" material does not affect the elements of the claim, no substantial new questions of infringement has been raised.

The Court notes that Claim 7 does not include any functional limitations.  The Court also notes that Claim 7 contains no limitation as to the thickness of the bladders.

After consideration, the Court concludes that none of Defendant's changes affect an element of Claim 7, a method for repairing a damaged junction between a main line sewer pipe and a lateral sewer pipe.  Since the modified device does not present any substantial open question of infringement as to Claim 7, the Court concludes that contempt proceedings are appropriate.

Case No. 8:08-CV-811-T-17TGW

IV.  Infringement

The Court found no colorable variation between the modified InnerSeal System and the infringing InnerSeal system.  The Court must also determine whether the modified InnerSeal system infringes the claims of the '079 patent admitted in the consent judgment.  Defendant previously admitted the validity of the '079 patent, and Defendants agreed to the entry of a consent judgment admitting that the unaltered Innerseal system infringes claims 7, 8, and 9 of the '079 patent.  The modified InnerSeal system literally embodies same elements comprising claim 7.  After consideration, the Court concludes that the modified InnerSeal system infringes the '079 patent.

V.  Violation of the Injunction

The Injunction (Dkt. 10) enjoins Defendant Perma-Liner Industries, Inc., its officers, employees, agents and all persons in active concert or participation with them during the life of the '079 patent, from practicing without a license, and from causing any other entity to practice without a license, the method of using the Perma-Liner InnerSeal system (as stated in the document attached to the Injunction) or any colorable variation thereof that also infringes the '079 patent.

A party seeking to establish civil contempt must establish: 1) that a court order was in effect; 2) that the order required certain conduct by the respondent; and 3) that the respondent failed to comply with the court order.  <u>FDIC v. LeGrand</u>, 43 F.3d 163 (5th Cir. 1995).  In this case, Defendant contends that the modified InnerSeal system was modified in a manner that was more

9

Case No. 8:08-CV-811-T-17TGW

than a colorable variation. The Court has concluded that the modified InnerSeal system is a colorable variation, and infringes. The Court finds Plaintiffs have met their burden of establishing by clear and convincing evidence that Defendants are in contempt of the Injunction previously entered.

The Court finds that Defendant's sales of the infringing InnerSeal System and the modified InnerSeal system which took place after the termination of the license on January 11, 2009 are a violation of the Injunction, as well as Defendant's sales of the modified InnerSeal system which took place after the termination of the license on January 11, 2009.
The award of monetary sanctions for civil contempt cannot exceed the amount of actual loss. After consideration, the Court grants the Motion for a contempt order. The Court retains jurisdiction for entry of an order awarding monetary sanctions, including the award of attorney's fees and costs. Accordingly, it is

**ORDERED** that the Motion for Contempt Order is **granted**. The Court retains jurisdiction to enter monetary sanctions, including the award of attorney's fees and costs.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 30th day of September, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record